# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN BALL, #20190001029, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-cv-00333 |
| v. | (SAPORITO, M.J.) |
| STATE TROOPER-OFFICER MARK A. KIRBY, | |
| Defendant. | |

## MEMORANDUM

The plaintiff in this case, Dawn Marie Ball, was previously granted leave to proceed *in forma pauperis* ("IFP") in this action. It has come to our attention that the incarcerated plaintiff is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g). For the reasons stated herein, upon *sua sponte* reconsideration of our prior order granting leave to proceed IFP, we will revoke the plaintiff's IFP status, vacate our prior order, withdraw the summons issued in reliance thereon, and order the plaintiff to pay the applicable filing and administrative fees in full or face summary dismissal of this action.

### I. BACKGROUND

On January 22, 2021, our sister court received a *pro se* complaint

signed and dated by the plaintiff on January 2, 2021. (Doc. 2.) Because the parties and the events giving rise to this action were located in this judicial district, the action was transferred to this court on February 1, 2021. (Doc. 6.)

The complaint names a state trooper as the sole defendant. It alleges that the defendant forcibly entered her apartment without a warrant, used excessive force in placing her under arrest, and conducted an unlawful search of the apartment after she was removed from it.

Together with the complaint, the plaintiff submitted a motion for leave to proceed IFP in this action. (Doc. 8; *see also* Doc. 1.) Based on the plaintiff's representations with respect to her finances, we granted the motion on February 25, 2021. (Doc. 12.) That same day, the clerk mailed a request for waiver of service to the defendant. (Doc. 14.) The court was later informed that the defendant's employer required personal service of process as a matter of policy. (Doc. 17.) A summons was issued to the United States Marshal Service on March 19, 2021, for personal service of process upon the defendant. (Doc. 19.) On April 6, 2021, notwithstanding the Pennsylvania State Police policy to the contrary, the defendant entered his appearance through counsel and waived formal service of

process. (Doc. 26; Doc. 27.)

We have now learned that this plaintiff is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g) because she has previously brought three or more federal actions or appeals that were dismissed as frivolous, as malicious, or for failure to state a claim. *See Ball v. Hummel*, 577 Fed. App'x 96, 97 (3d Cir. 2014) (per curiam) (identifying three strikes accumulated prior to May 2012).[1] "Accordingly, [she] may not proceed *in forma pauperis* unless [she] was in imminent danger of serious physical injury at the time [she] filed [her] complaint." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310–11 (3d Cir. 2001) (en banc)).

## II. DISCUSSION

The plaintiff is barred from proceeding without prepayment of fees

---

[1] We note that Ball is currently incarcerated at Monroe County Correctional Facility, a county jail where she has been assigned Inmate Number 20190001029. Based on publicly available records, it is clear that she is the very same Dawn Marie Ball, with a birthdate of May 18, 1970, who was previously incarcerated at various state prisons in the custody of the Pennsylvania Department of Corrections, where she was assigned Inmate Number OL0342. *See* Pa. SAVIN Search Form (Ball, Dawn), at https://www.vinelink.com/classic/#/home/site/39000 (last checked Apr. 15, 2021). *See generally* Fed. R. Evid. 201; *Ilarraza v. Chuta*, Civil Action No. 1:15-cv-2406, 2017 WL 1246363, at *2 (M.D. Pa. Feb. 10, 2017) (taking judicial notice of SAVIN offender information search results), *report and recommendation adopted by* 2017 WL 1208347 (M.D. Pa. Apr. 3, 2017).

unless she was "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). "The Act provides a limited exception to [the three strikes] rule when a prisoner is in 'imminent danger of serious physical injury,' which serves as a 'safety valve' to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481 (E.D. Pa. 2013). Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations. *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998). Moreover, "a prisoner claiming that she is in imminent danger of serious physical harm must make specific and credible allegations to that effect." *Ball v. Famiglio*, 726 F.3d 448, 470 (3d Cir. 2013) (internal quotation marks and alterations omitted),[2] *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). "When considering whether imminent danger of physical injury has been alleged, courts may reject 'vague' or 'conclusory' allegations as insufficient to provide a basis for IFP status." *Brown*, 977 F. Supp. 2d at 483 (citing *Ball*, 726 F.3d at 468).

---

[2] Notably, the appellant in this citation is the plaintiff in this case.

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." *Abdul-Akbar*, 239 F.3d at 312. "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Id.* at 315. "Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Id.* at 313. Moreover, "even if an alleged harm may in fact be 'impending,' it does not satisfy this exception if it does not threaten to cause 'serious physical injury.'" *Brown*, 977 F. Supp. 2d at 483 (citing 28 U.S.C. § 1915(g)).

Reviewing the *pro se* complaint, it is clear that no imminent danger of serious physical injury has been credibly alleged. The complaint alleges that, on October 21, 2019, the defendant forcibly entered her apartment without a warrant, breaking down the door. It alleges that, once inside, the defendant grabbed Ball's head and threw her to the floor, causing her to be injured. The complaint alleges that, after she had been transported away from the scene, the defendant searched her apartment without her presence or her consent. It further alleges that she only received a copy of a search warrant "days later," and that the search

warrant was "invalid and illegal" for unspecified reasons.

Based on these allegations, the plaintiff has plainly failed to allege any imminent danger of serious physical injury. While some physical injury is alleged, there is nothing in the complaint to suggest that it might constitute *serious* physical injury. Moreover, the danger alleged is entirely retrospective in nature. Any further danger of physical injury— serious or not—had clearly passed by the time the plaintiff filed her complaint in this action, more than fourteen months later.

### III. CONCLUSION

Based on the foregoing, the plaintiff's IFP status will be revoked, our order granting her motion for leave to proceed IFP will be vacated, the summons will be withdrawn, and the plaintiff will be ordered to pay the applicable filing fee in full within thirty days or dismissal of this action will be recommended.

An appropriate Order follows.

Dated: April 16, 2021            *s/Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 United States Magistrate Judge